BARONE LUMBER CO., INC. *vs.* EDGAR B. SOWDEN.

JANUARY 21, 1931.

PRESENT: Stearns, C. J., Rathbun, and Murdock, JJ.

MURDOCK, J. This case is before us on appeal by the respondent from a decree of the Superior Court declaring invalid a tax deed from the City Treasurer of the City of Providence to the respondent.

A demurrer to the bill on the ground that the complainant being out of possession must pursue its remedy at law and not in equity was overruled and the overruling of the demurrer is assigned as one of the reasons of appeal.

The respondent relies on the case of *Weaver* v. *Arnold*, 15 R. I. 53, where the court after declaring a tax sale invalid dismissed the bill on the ground that the complainant being out of possession must vindicate his title at law. In *Lindgren* v. *Doughty*, 32 R. I. 524, it was held that where a tax deed invalid in fact does not appear to be void upon its face but appears to have been made pursuant to law, as shown by the recitals in the deed which are by statute made evidence of the facts stated, a bill in equity may be maintained to set aside the deed. *Weaver* v. *Arnold, supra*, was not discussed or cited and it does not appear whether or not the complainant was in possession. It is to be presumed that he was not otherwise the question would not have arisen. When the tax sale under consideration in the case

of *Weaver* v. *Arnold, supra,* was held the statute provided that the recitals in the deed should be *prima facie* evidence of the facts stated but the point that a complainant even though successful at law would be left with a deed on record, which on its face appeared to be valid, and so would constitute a cloud on his title, was not discussed by the court. In *Lawton* v. *Lawton,* 48 R. I. 134, the general rule that in the absence of special circumstances one not in possession can not maintain a suit in equity to quiet a title was approved.

We are of the opinion that the circumstances in the instant case warrant a departure from the general rule. By Section 17 of Chapter 62, General Laws, 1923, recitals in a tax deed are made evidence of the facts stated. The deed therefore appears to be valid on its face and the recitals therein are by statute made evidence of the facts necessary to constitute a valid deed.

We think that the rule as stated by Pomeroy, and approved by this court in *Lindgren* v. *Doughty, supra,* is sound in reason and is supported by the weight of authority. "In many states, deeds, certificates, and other instruments given on sales for taxes are made *prima facie* evidence by statute of the regularity of proceedings connected with the assessments and sales, and it is well settled that courts of equity will set aside such instruments for defects, although such defects are apparent on the face of the proceedings leading up to the execution of the instrument; or, in a proper case, the execution of such an instrument, *prima facie* valid on its face, will be enjoined." 2 Pomeroy's Eq. Jur. § 734, p. 1237. *Rich* v. *Braxton,* 158 U. S. 375, 407.

From the record the following facts appear. The complainant acquired title to the land in question by deed from the Eastern Realty Operators, Inc., May 18, 1926. The deed was recorded on the 21st of the July following. In the meantime the City of Providence assessed a tax on the property to the Eastern Realty Operators, Inc., the record owner at the time of the assessment. The tax being unpaid

the City Treasurer of the City of Providence on January 9, 1927, sold the premises to the respondent for $130.45. The tax deed recites that notice of the levy and of the time and place of sale were given to the Eastern Realty Operators, Inc., the Barone Lumber Co., the complainant herein, and the Union Trust Co., mortgagee. The complainant is a Rhode Island corporation and has a place of business at 403 Charles street in the City of Providence. Its treasurer is Frank Vincent, who lives at 47 Strathmore road, Edgewood, in the City of Cranston. The notice of levy and the time and place of sale was left at the home of said Frank Vincent at said Strathmore road in the City of Cranston, but was not served on him personally. Frank Vincent, treasurer of the corporation, testified that he never received said notice and that he did not know that there had been a sale of said premises until September, 1928, when he was informed by the complainant's collector of rents that the respondent claimed to be entitled to the rents as owner of the property by virtue of said tax deed. It appears that the respondent made no attempt to collect the rents or to assert his ownership until over a year after the sale when the period of redemption had expired.

The statutory provisions for notice of levy and time and place of sale of real estate for unpaid taxes are found in sections 12 and 13, Chapter 62, General Laws, 1923.

"Sec. 12. In all cases where any parcel of real estate is liable for payment of taxes, so much thereof as is necessary to pay the tax, interest, costs and expenses, shall be sold by the collector, at public auction, to the highest bidder, after notice has been given of the levy, and of the time and place of sale, in some newspaper published in the town, if there be one, and if there be no newspaper published in the town, then in some newspaper published in the county, at least once a week for the space of three weeks, and the collector shall also post up notices in two or more public places in the town for the same period.

"Sec. 13. If the person to whom the estate is taxed be a resident of this state, the collector shall, in addition to

the foregoing, cause notice of his levy, and of the time and place of sale, to be left at his last and usual place of abode, or personally served on him, at least twenty days previous to the day of sale."

The statute was originally enacted when holdings of real estate by a corporation were less common than at the present time and was obviously intended to apply to individuals and not to corporations.

Section 5 of Chapter 32 of the General Laws, 1923, provides: "The word 'person' may be construed to extend to and include copartnerships and bodies corporate and politic."

A corporation can hardly be said to have a place of abode. In common usage the word "abode" denotes a dwelling or place of habitation but if a corporation could be conceived of as having an abode it would be at its place of business and not at the private residence of one of its officials.

Respondent contends that there can be no valid sale for the collection of taxes assessed against the real estate of a corporation unless it is held that said Section 13 does not apply to a corporation and that compliance with Section 12 of said Chapter 62 is all the notice that is required in the case of corporations.

We are of the opinion that by virtue of Section 5 of said Chapter 32 a corporation may be deemed to be a person so as to make applicable to it the alternative provision for personal service contained in said Section 13; that personal service on some officer of the corporation whose duty it would be to act for the corporation in its behalf would be a valid service on the corporation. As there was no legal service on the complainant of notice of levy and the time and place of sale, the sale was invalid.

The appeal of the respondent is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Archambault & Archambault*, for complainant.

*McGovern & Slattery, James A. Higgins, Walter Adler*, for respondent.